UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CERES Environmental Services, Inc.,

        Plaintiff,

v.

Arch Specialty Insurance Company,

        Defendant.
_____/

Case No. 10-4570
HON. RHK/JSM

Steven L. Theesfeld
MN ID# 216860 / WI ID# 1011813 / ND# 06678
YOST & BAILL
2050 US Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
(612) 338-6000
Attorneys for Plaintiff
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff CERES Environmental Services, Inc., by and through its counsel YOST & BAILL, LLP, and for its Complaint which states as follows:

### PARTIES

1.    Plaintiff CERES Environmental Services, Inc. ("Ceres") now is and at all times mentioned herein was, a corporation organized under and by virtue of the laws of the State of Minnesota with its principal place of business located at 3825 85th Avenue North, Brooklyn Park, MN 55443, and is licensed to do business in the state of Minnesota.

2.    Upon information and belief, Arch Specialty Insurance Company (hereinafter "Arch") now is and at all times mentioned herein was a corporation organized and existing under and by virtue of the laws of the State of Nebraska with its principal place of business located at

SCANNED
NOV 16 2010
U.S. DISTRICT COURT MPLS

One Liberty Plaza, 53rd Floor, New York, NY, 10006, and is licensed to do business within the State of Minnesota.

## JURISDICTION & VENUE

3. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332 and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper within this jurisdiction pursuant to 28 U.S.C. § 1391. This is an action by a Minnesota corporation against its insurance carrier. Because Arch sold a policy of insurance in Minnesota to Ceres, a Minnesota Corporation, Arch is subject to the personal jurisdiction of Minnesota and deemed to reside therein, pursuant to 28 U.S.C. § 1391 (c).

## STATEMENT OF UNDERLYING FACTS

5. The current action stems from an underlying accident and the subsequent alleged failure of Arch to provide related defense and indemnification to Ceres.

6. The underlying accident took place on July 11, 2007, in Baldwin County Alabama, where a minor was seriously injured in an automobile collision with a truck. The truck was owned by R.D. Construction Inc. ("RD"), but was driven by Joe Edward Johnson ("Johnson"), an employee of Colonel McCrary Trucking, LLC ("CMT").

7. Prior to the accident, RD and CMT had been hired as subcontractors by Ceres to assist with New Orleans/Katrina-related clean up.

8. The underlying action was begun on August 7, 2007, when David and Patricia Stewart, as guardians and conservators of, Celena L. Sprinkle, an incapacitated person ("Sprinkle et al"), sued Johnson, RD and CMT. (Civil Action No. CV-2007-099050 Circuit Court of Mobile County, Alabama.) ("Underlying Action")

{ 00233733.DOC /}

9. The Complaint in the underlying action was subsequently amended on December 31, 2007 to assert five claims against Ceres: (1) Ceres negligently failed to ensure Johnson met certain safety standards; (2) Ceres negligently hired Johnson without conducting a driving background check and drug and alcohol tests; (3) Ceres negligently trained Johnson; (4) Ceres negligently supervised Johnson, and (5) Ceres negligently allowed Johnson to drive on the day of the accident.

10. At all times herein, Arch was a party to a contract of insurance with Ceres where said policy of insurance included coverage for Bodily Injury and Property Damage Liability; Policy No. EMP0011435-00, for the period September 15, 2005 – September 15, 2007, and which provided limits of liability of $10 Million each occurrence and in the aggregate, subject to the deductible.

11. Ceres turned the matter over to its insurance carrier, Arch, for defense and indemnification. During the review process, Arch authorized Ceres to defend itself and hire defense counsel, but warned that if Arch decided to provide defense and indemnification, Arch might replace Ceres' counsel with Arch's own. Ceres ultimately defended itself without any assistance from Arch and as a result, incurred defense costs of $1,722,545.52.

12. Over a year and a half later, on July 9, 2009, Arch denied coverage to Ceres for the claims made by Sprinkle et. al., on the basis that the Sprinkle et. al. claim did not involve work or operations performed by Ceres, and the accident occurred after completion of Ceres' work. (Exhibit A).

13. On August 12, 2009, Ceres informed Arch that it had wrongfully denied coverage because it had failed to base its coverage determination on allegations contained in the Third Amended Complaint. That Complaint, Ceres pointed out, alleged that Ceres was negligent

during CMT's contract performance and that Ceres' negligence was a direct cause of the underlying accident. Further, Ceres stressed that it was indeed still working on the New Orleans project and its work was not yet completed at the time of the underlying accident. (Exhibit. B)

14. On September 4, 2009, Arch agreed to accept a duty to defend the claim under a reservation of rights and to reimburse Ceres for its cost of defense in the Mobile County Circuit Court Action. (Exhibit. C)

15. On September 24, 2009, Sprinkle et. al. settled the Mobile County Circuit Court action and released her claims against Ceres Environmental (and Arch Specialty Insurance Company).

16. Despite promising reimbursement of all costs of defense incurred by Ceres in the underlying action, to date, Arch has only agreed to reimburse Ceres a portion of the $1,722,545.52 in defense it has occurred. To date Arch has paid to Ceres payments in the amounts of $785,378.00 and $241,507.99. Ceres seeks reimbursement of the remainder of its defense costs, in an amount in excess of $695,659.51. Ceres also seeks reimbursement of the costs and attorneys fees incurred in bringing this current action, which are anticipated to be in excess of $75,000.00

17. To date, Arch has not attempted subrogation from any other at-fault parties in the underlying action. As a direct result of this failure to act, Ceres has not received reimbursement of its deductible in an amount in excess of $50,000.00. Further, as a direct result of this failure to act, Ceres was forced to begin its own suit against CMT in U.S. District Court – Southern District of Alabama, Southern Division 1:09-cv-00642 and to seek recovery of its own deductible, incurred defense costs and other damages not reimbursed by Arch. In pursuing this

action Ceres has incurred costs and fees in excess of $57,256.00 and expects to incur additional costs and fees in the future in excess of $75,000.00.

## COUNT ONE – Common Law Tort of Bad Faith

18. Ceres realleges the paragraphs above and below.

19. Arch improperly and knowingly failed to investigate the THIRD PARTY allegations made against Ceres in the Underlying Action.

20. Arch improperly and knowingly based its denial on something other than the THIRD PARTY allegations made against Ceres in the Third Amended Complaint of the Underlying Action.

21. Arch improperly and knowingly denied coverage to Ceres as part of an Arch pattern to control costs and increase profits by denying insured claims and refusing to pay insured defense costs until an insured objected, and then negotiating with insured's to agree to less than full reimbursement of defense costs incurred by the insured.

22. Arch improperly and knowingly refused to pursue subrogation in the Underlying Action as part of an Arch pattern to control costs and increase profits by collecting insured's deductibles instead of incurring subrogation collection costs to refund such deductibles.

23. Arch told Ceres to hire its own defense counsel and pay for its own defense and thereafter promised to reimburse Ceres for all such defense costs, but to date has refused to pay all defense costs without any legitimate reason for refusal.

24. Through the above actions, Arch breached its duty of good faith owed to Ceres, and as a proximate result of said breach, Ceres had to incur extensive expense in defending itself, rendering its cash reserves diminished and its ability to fund bids for future work diminished, thus causing additional lost opportunities and profits. In addition, Ceres had to incur attorneys'

fees and costs to bring the current action and to pursue the action for recovery of its deductible and other expenses in the above-referenced U.S. District Ct – Southern District of Alabama.

25. Ceres therefore seeks damages in excess of $75,000.00 for general and consequential damages, attorneys fees and prejudgment interest pursuant to Minn. Stat. § 60A.0811

### COUNT TWO - Violation of Ala. Code § 27-12-24

26. Ceres realleges the paragraphs above and below.

27. As alleged above, Arch knowingly and improperly denied Ceres coverage in the Underlying Action and refused to defend or indemnify Ceres. Later, Arch knowingly and improperly refused to pay all costs of defense incurred by Ceres in the Underlying Action. Likewise Arch knowingly and improperly refused to pursue subrogation. As a proximate result, Ceres has incurred damages.

28. Arch's conduct violated Ala. Code §27-12-24, and Arch is therefore liable to Ceres for damages in excess of $75,000.00, for general and consequential damages, attorneys fees and prejudgment interest pursuant to Minn. Stat. § 60A.0811.

### COUNT THREE – Breach of Contract – Bad Faith -- NY

29. Ceres realleges the paragraphs above and below.

30. The Policy at issue contains a New York choice-of-contract law.

31. As alleged above, Arch knowingly and improperly denied Ceres coverage in the Underlying Action and refused to defend or indemnify Ceres. No reasonable insurer would have refused to defend and indemnify Ceres in the Underlying Action. Said actions establish, under New York Law, a claim for common law breach of contract of the Arch policy sold to Ceres.

{ 00233733.DOC /}

32. In a gross disregard of Ceres' contractual rights and interests, Arch also breached its policy contract by failing to conduct a proper investigation/evaluation of the case.

33. Moreover, Arch's refusal to reimburse Ceres for ALL defense costs incurred by Ceres in the Underlying Action is a breach of Arch's "Enhanced Obligation of Good Faith" as set forth in *Prashker v. U.S. Guarantee Co.* 1 N.Y.2d 584, 592-593, 136 N.E.2d 871, 87, 154 N.Y.S.2d 910, 917 (N.Y. 1956); *L & S Roofing Supply Co. v. St. Paul Fire & Marine Insurance Co.*, 521 So.2d 1298 (Ala.1988),

34. As a proximate result of Arch's breach of contract, Ceres incurred damages and now seeks damages in excess of $75,000.00 for general and consequential damages, attorneys fees and prejudgment interest pursuant to Minn. Stat. § 60A.0811

### COUNT FOUR – Violation of MN Consumer Fraud Act

35. Ceres realleges the paragraphs above and below.

36. Minn. Stat. § 325F.69 et. seq. provides it is unlawful for any corporation to engaged in deceptive practices or mislead a consumer.

37. Arch sold a policy of insurance in Minnesota to Ceres, a Minnesota Corporation. In enticing Ceres to purchase the Arch policy, Arch promised and represented that it would provide defense and indemnification under the policy for all covered occurrences and would properly investigate all claims.

38. Arch, as set forth above, due to corporate patterns adopted to increase revenues, never intended to comply with the promises and representations made at the time of sale.

39. As a proximate result, Arch is liable for violation of the Minnesota Consumer Fraud Act and is liable to Ceres for direct and consequential damages and attorneys fees pursuant

{ 00233733.DOC /}

to Minn. Stat. § 8.31, Subd. 3a, and for prejudgment interest pursuant to Minn. Stat. § 60A.0811, all in excess of $75,000.00.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES HEREIN**

Date: 11-15-2010

Respectfully submitted,

*/s/ Steven L. Theesfeld*

Steven L. Theesfeld (#216860)
Attorney for Plaintiff
2050 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
(612) 338-6000
stheesfeld@yostbaill.com

UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
Northeastern Division

---

CERES Environmental Services, Inc.,

        Plaintiff,

v.

Arch Specialty Insurance Company,

        Defendant.

Case No.
HON.

---

Steven L. Theesfeld
MN ID# 216860 / WI ID# 1011813 / ND ID# 06678
Attorney for Plaintiff
2050 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN  55402
(612) 338-6000
stheesfeld@yostbaill.com

---

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff CERES Environmental Services, Inc., by and through their counsel YOST & BAILL, LLP, and hereby demands a trial by jury in this matter.

Date: 11-16-2010

Respectfully submitted,

_[signature]_

Steven L. Theesfeld (#216860)
Attorney for Plaintiff
2050 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN  55402
(612) 338-6000
stheesfeld@yostbaill.com

{ 00233733.DOC /}