UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ceres Environmental Services, Inc.,

                        Plaintiff,        Civ. No. 10-4570 (RHK/JSM)

v.                                  **ORDER**

Arch Specialty Insurance Company,

                        Defendant.

---

      This matter is before the Court *sua sponte*.

      In this action, Plaintiff Ceres Environmental Services, Inc. ("Ceres") asserts that Defendant Arch Specialty Insurance Company ("Arch"), its insurer, failed to pay all of the costs it incurred defending an underlying action in Alabama state court. Ceres asserts claims for breach of contract, bad faith, and violation of Alabama and Minnesota law, and Arch has filed three counterclaims with respect to funds Ceres recovered in a separate (but related) action in Alabama federal court.

      On September 14, 2011, Arch moved for summary judgment, asserting that Ceres is "collaterally estopped from relitigating the reasonableness of the defense costs it incurred in defending" the underlying action (Doc. No. 27 at 15); that Motion has been fully briefed. After reviewing the parties' Motion papers, however, the Court questioned what effect, if any, a finding of collateral estoppel would have on this case, particularly with respect to Ceres's non-breach-of-contract claims and Arch's counterclaims. Accordingly, on November 8, 2011, it directed the parties to file supplemental briefs

answering certain specific questions and addressing the impact of collateral estoppel on the *entire* case. (Doc. No. 37.)

The parties have now complied with the Court's directive and, in its Memorandum, Arch appears to recognize that a finding of collateral estoppel will not impact most of Ceres's claims. Nevertheless, it asserts that it is "prepared" to separately move for summary judgment on those other claims, and it then proceeds *to argue why the claims should be dismissed*. (See Doc. No. 40 at 8-18.) In so doing, Arch has gone beyond the bounds of the Court's November 8 Order. Arch's Motion sought summary judgment "based on collateral estoppel" (Doc. No. 23), and hence that is the only issue properly before the Court at this time. To the extent it seeks summary judgment on grounds besides collateral estoppel, it must file a properly supported Motion complying with Federal Rule of Civil Procedure 56 and the Local Rules of this Court. The Court's request for additional briefing was not intended as an opportunity to raise new issues purportedly entitling it to summary judgment.

The Court's November 8 Order permitted the parties to respond to each other's memoranda on or before November 28, 2011. For the reasons set forth above, Ceres need not address in its memorandum any arguments for dismissal asserted by Arch beyond the specific questions raised by the Court. That is, to the extent Arch has asserted that certain claims are subject to dismissal for reasons other than collateral estoppel, Ceres need not address those arguments.

Date:  November 21, 2011                    s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge